UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| GEORGE LEE ROBINSON, | ) | CASE NO. 4:05 CV 2225 |
| | ) | |
| Plaintiff, | ) | JUDGE PETER C. ECONOMUS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| MR. WILKERSON, et al., | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

On June 3, 2005, plaintiff pro se George Lee Robinson filed this in forma pauperis action against Mr. Wilkerson, Ohio State Prison, Dr. Williams, Brian Cain and the Richland Correctional Institution.  The complaint does not contain factual allegations which are intelligible to this court.  For the reasons stated below, this action is dismissed pursuant to 28 U.S.C. § 1915(e).

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable

basis in law or fact.[1]  <u>Neitzke v. Williams</u>, 490 U.S. 319 (1989);
<u>Lawler v. Marshall</u>, 898 F.2d 1196 (6th Cir. 1990); <u>Sistrunk v. City
of Strongsville</u>, 99 F.3d 194, 197 (6th Cir. 1996).

Principles requiring generous construction of <u>pro se</u>
pleadings are not without limits.  <u>Beaudett v. City of Hampton</u>, 775
F.2d 1274, 1277 (4th Cir. 1985).  A complaint must contain either
direct or inferential allegations respecting all the material
elements of some viable legal theory to satisfy federal notice
pleading requirements.  <u>See</u> <u>Schied v. Fanny Farmer Candy Shops,
Inc.</u>, 859 F.2d 434, 437 (6th Cir. 1988).  District courts are not
required to conjure up questions never squarely presented to them
or to construct full blown claims from sentence fragments.
<u>Beaudette</u>, 775 F.2d at 1278.  To do so would "require ...[the
courts] to explore exhaustively all potential claims of a <u>pro se</u>
plaintiff, ... [and] would...transform the district court from its
legitimate advisory role to the improper role of an advocate
seeking out the strongest arguments and most successful strategies
for a party."  <u>Id.</u>

Even liberally construed, the complaint does not contain
allegations reasonably suggesting plaintiff might have a valid

---

[1]     A claim may be dismissed <u>sua sponte</u>, without prior
notice to the plaintiff and without service of process on the
defendant, if the court explicitly states that it is invoking
section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing
the claim for one of the reasons set forth in the statute.
<u>McGore v. Wrigglesworth</u>, 114 F.3d 601, 608-09 (6th Cir. 1997);
<u>Spruytte v. Walters</u>, 753 F.2d 498, 500 (6th Cir. 1985), <u>cert.
denied</u>, 474 U.S. 1054 (1986); <u>Harris v. Johnson</u>, 784 F.2d 222,
224 (6th Cir. 1986); <u>Brooks v. Seiter</u>, 779 F.2d 1177, 1179 (6th
Cir. 1985).

federal claim.  See, Lillard v. Shelby County Bd. of Educ,, 76 F.3d 716 (6th Cir. 1996)(court not required to accept summary allegations or unwarranted legal conclusions in determining whether complaint states a claim for relief).  Accordingly, the request to proceed in forma pauperis is granted and this action is dismissed under section 1915(e).  Further, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

/s Peter C. Economus 10/26/05

PETER C. ECONOMUS
UNITED STATES DISTRICT JUDGE